DYESS v. WISEMAN.

4-3769

Opinion delivered December 10, 1934.

Leon B. Catlett, for appellant.

Walter L. Pope, Attorney General, and Earl R. Wiseman, for appellee.

BAKER, J. This same case was presented to this court on appeal, in which the opinion was delivered on June 11, 1934, and now appears as Wiseman v. Dyess, 189 Ark. 381, 76 S. W. (2d) 979. It is insisted now, however, that the agreed statement of facts, under which the first case was decided, was erroneous, in that it was agreed that W. R. Dyess, as administrator of Emergency Relief Administration of Arkansas, was an appointee of Harry L. Hopkins, Federal Emergency Relief Administrator.

It is urged in this case that Dyess is not an appointee of the Federal Emergency Relief Administrator, but of the unit in Arkansas designated as the Arkansas Emergency Relief Administration of which the Governor is ex-officio chairman, and it is also urged that the money or funds received and used by Dyess, as administrator for the Arkansas Emergency Relief Administration, belongs to the State of Arkansas, granted to it by the Government of the United States.

It is pleaded that the checks for the money used by the Arkansas unit are sent from the Federal Emergency Relief Administrator to the Governor of the State, by him indorsed and delivered to the Arkansas Emergency Relief Administration.

It is unnecessary to decide the technical question of whether Dyess, the appellant herein, is acting for the

State, or whether the money with which he carries on the relief work technically belongs to the State. It is certain, however, that this money is not administered or used through any of the regular financial channels of the State government.

The money is allocated for the relief work in Arkansas, and it is used for that purpose. It is a part of the plan and program of the Federal Emergency Relief Administration. Its ultimate aim is to relieve from the distresses and burdens of unemployment, as an aid to the restoration of more nearly normal conditions. These funds appropriated by the national government for such beneficent purposes should not be diverted.

We think the opinion rendered on the former appeal was correct in principle, and the appellee, the Commissioner of Revenues, will not insist on our making nonessential distinctions.

The errors in the stipulation of facts in that case, decided June 11, 1934, were not material.

The chancellor was correct. We now dismiss the cause and the appeal.